UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN J. GEISENHOFF, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>PEND OREILLE COUNTY, et al.,<br><br>            Defendants. | NO:  12-CV-0639-TOR<br><br>ORDER GRANTING MOTION TO SUBSTITUE PARTY |

BEFORE THE COURT are (1) a motion filed by the United States to substitute itself as a party for Defendant Andrew Garry (ECF Nos. 2 and 5); and (2) a motion to deny the same filed by Plaintiffs, the Geisenhoffs (ECF Nos. 8, 9 and 11).  These matters were heard with oral argument on January 18, 2013.  Douglas D. Phelps appeared on behalf of Plaintiffs, the Geisenhoffs.  Rudolph J. Verschoor appeared on behalf of Defendant Andrew Garry and the United States.  Thomas R. Luciani appeared on behalf of all other Defendants.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER GRANTING MOTION FOR SUBSTITUTION ~ 1

## BACKGROUND

The United States of America has moved to substitute itself as a party-defendant for Defendant Andrew Garry. In support of this motion, the United States has certified pursuant to 28 U.S.C. § 2679(d)(2) that Defendant Garry was acting within the scope of his employment as "a law enforcement officer holding special deputation from the Federal Bureau of Investigation to investigate and enforce Title 18 and Title 21 offenses" when he allegedly detained Patti A. Geisenhoff (hereinafter "Plaintiff") in a negligent manner on December 4, 2009. ECF No. 3 at 2. Plaintiff opposes the motion on the ground that Defendant Garry, as a tribal police officer with limited authority to investigate federal drug offenses, exceeded the scope of that authority when he detained Plaintiff on a "harassment complaint."

## DISCUSSION

**A. Substitution Under 28 U.S.C. § 2679**

The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act") grants federal employees immunity from suit for common law torts committed during the course and scope of their employment. *Osborn v. Haley*, 549 U.S. 225, 229 (2007). "When a federal employee is sued for wrongful

or negligent conduct, the Act empowers the Attorney General[1] to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229-30 (quoting 28 U.S.C. § 2679(d)(2)). The filing of such a certification permits the United States to remove the action from state court and to substitute itself as a defendant in place of the employee. 28 U.S.C. § 2679(d)(2). The certification "is prima facie evidence that [the] employee was acting in the scope of [his] employment at the time of the incident." *Pauly v. United States Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (quotation and citation omitted). "The plaintiff bears the burden of disproving the certification by a preponderance of the evidence." *Id.*

Here, Plaintiff contests the certification filed by the United States Attorney on the ground that Defendant Garry lacked authority to detain her under federal law. Specifically, Plaintiff asserts that Defendant Garry "act[ed] outside the scope of any special [authority]" conferred upon him by the FBI to investigate Title 18 or Title 21 offenses when he detained her to investigate a "harassment complaint." ECF No. 11-1 at 2-3. Because Defendant Garry exceeded the scope of his federal

---

[1] The Attorney General's certification authority has been formally delegated by the Department of Justice to the sitting United States Attorney in each judicial district. 28 C.F.R. § 15.4(a).

ORDER GRANTING MOTION FOR SUBSTITUTION ~ 3

law enforcement authority, Plaintiff argues, he was not acting within the scope of his federal employment for purposes of the Westfall Act.

The main premise of Plaintiff's argument is that Defendant Garry detained her to investigate a "harassment complaint" rather than a federal Title 18 or Title 21 offense. This premise, however, is easily disproven. A narrative report of the incident written by Defendant Glenn Blakeslee (appended to Plaintiff's memorandum as "Attachment C") reflects that Defendant Garry detained Plaintiff on suspicion of narcotics trafficking rather than for the purpose of investigating a harassment complaint:

> Upon arrival I spoke with Tribal Officer Garry. He told me that he was parked at the gas pumps when a small white SUV drove up to him. The female driver [Plaintiff] told him that her male passenger had been harassing her. As she was explaining what was going on, the male stepped out of the vehicle and started trying to dump something out of a white plastic grocery bag into the garbage can. Officer Garry said the substance appeared to be Marijuana. He told the male to stop dumping the marijuana into the trash can. The male complied. The male reached into the vehicle and picked up a black cloth bag and opened it. He showed Officer Garry that it contained a large amount of packaged Marijuana. The female admitted that she did have Marijuana, but stated they have medical Marijuana certificates. Officer Garry detained both parties and waited for Deputies to arrive.

ECF No. 11-1 at 11.

In view of this evidence—which Plaintiff herself submitted—the Court finds that Plaintiff has failed to satisfy her burden of disproving the United States Attorney's certification by a preponderance of the evidence. *Pauly*, 348 F.3d at

ORDER GRANTING MOTION FOR SUBSTITUTION ~ 4

1151.  Accordingly, the United States' motion to substitute itself for Defendant Garry is granted.  Plaintiff's motion to deny substitution is denied.

**B. Scope of Substitution**

During the hearing on the United States' motion, the Court sought clarification from Plaintiff as to the precise nature of her claims against Defendant Garry.  Specifically, the Court inquired about whether Defendant was being sued in negligence under Washington common law or whether he was being sued for violating Plaintiff's civil rights under (1) the United States Constitution; (2) the Washington Constitution; and/or (3) Washington statutory law.  Plaintiff's counsel responded that Plaintiff is only asserting "constitutional claims" against Defendant Garry and that Plaintiff does not intend to pursue common law negligence claims.  In view of Plaintiff's counsel's representations, it does not appear that the Westfall Act (or the Federal Tort Claims Act) has any bearing on this case.

Nevertheless, in an abundance of caution, the Court will order that the United States be substituted for Defendant Andrew Garry for the *limited purpose* of defending any claims governed by the Federal Tort Claims Act (*i.e.*, common law negligence claims against Defendant Andrew Garry in his personal capacity) that may be alleged in Plaintiff's complaint.  This substitution does not extend to any claims against Defendant Garry in his individual capacity arising under (1) 42 U.S.C. § 1983; (2) *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

ORDER GRANTING MOTION FOR SUBSTITUTION ~ 5

*Narcotics*, 403 U.S. 388 (1971); or (3) State of Washington civil rights statutes. As to those claims, Defendant Garry remains as a defendant sued in his individual capacity.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion for Substitution (ECF No. 2) is **GRANTED**. The United States is hereby **SUBSTITUTED** as a party-defendant for Defendant Andrew Garry for the *limited purpose* of defending any claims governed by the Federal Tort Claims Act that may be alleged in Plaintiff's complaint. The case caption shall be amended to reflect the addition of the United States as a party.

2. The United States' motion for an expedited hearing (ECF No. 5) is **DENIED**.

3. Plaintiff's "Motion Objecting to United States' Motion to Expedite Hearing" (ECF No. 8) and motion for an expedited hearing on the same (ECF No. 9) are **DENIED** as moot.

4. Plaintiff's "Motion to Deny Defendant's Motion for Substitution" (ECF No. 11) is **DENIED**.

//

//

//

ORDER GRANTING MOTION FOR SUBSTITUTION ~ 6

1  The District Court Executive is hereby directed to enter this Order, amend
2  the case caption to reflect the addition of the United States as a Defendant, and
3  provide copies to counsel.

4  **DATED** this 18th day of January, 2013.

*Thomas O. Rice*

THOMAS O. RICE
United States District Judge